**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4595

SEDRICK D. GREEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-31)

Submitted: December 29, 1999

Decided: January 27, 2000

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Arthur Gavin, WHITE, BLACKBURN & CONTE, P.C.,
Richmond, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, Laura A. Colombell, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Sedrick D. Green appeals his conviction for possession with intent to distribute cocaine in violation of 21 U.S.C.A.§ 841 (West Supp. 1999), and using or carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C.A. 924(c) (West Supp. 1999). Green challenges the district court's denial of his motion to suppress evidence found on his person and in his car during the course of a traffic stop by Virginia State Police Trooper A.C. White. Finding no error, we affirm.

We review determinations of reasonable suspicion and probable cause de novo. See Ornelas v. United States, 517 U.S. 690, 691 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). The factual findings underlying the legal determination are reviewed for clear error. See id. When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

The record demonstrates that White had probable cause to stop Green for reckless driving. Green made a U-turn without the right-of-way. In attempting to complete the turn, Green nearly struck Trooper White's oncoming vehicle. It is clear that under these circumstances, White had legal justification to stop Green's car. See Va. Code Ann. § 46.2-852 (Michie 1998); United States v. Hassan El, 5 F.3d 726, 730-31 (4th Cir. 1993). Even assuming, as Green suggests, White's reasons for the stop were pretextual, once White observed the traffic offense, his subjective reasons for stopping Green are irrelevant. See Whren v. United States, 517 U.S. 806, 813 (1996).

Following the initial stop, White had legal justification to order Green out of the car. See Ohio v. Robinette, 519 U.S. 33, 38-39 (1996); Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977). Moreover, White's plain-view observation of ammunition in the glove compartment, coupled with Green's attempts to reach under the front seat of his automobile, gave White the legal justification to conduct a Terry

2

frisk of Green. See United States v. Raymond, 152 F.3d 309, 312 (4th Cir. 1998).

Following Green's removal from his automobile and subsequent frisk for weapons, White placed Green under arrest. When a police officer lawfully arrests the occupant of a vehicle, he may search the passenger area of the car without further probable cause. See New York v. Belton, 453 U.S. 454, 460 (1981); United States v. Dorlouis, 107 F.3d 248, 255 (4th Cir. 1997). White's search of the passenger compartment of Green's car was therefore a lawful search incident to arrest. The subsequent seizure of additional marijuana, digital scales, and a firearm therefore did not violate the Fourth Amendment.

We affirm Green's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3